## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Feb 16 2016, 8:01 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Mark A. Lienhoop
Newby, Lewis, Kaminski & Jones, LLP
La Porte, Indiana

ATTORNEY FOR APPELLEE

Sean E. Kenyon
Hoeppner Wagner & Evans, LLP
Valparaiso, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Mirza Raheem, M.D., *Appellant-Plaintiff,* | February 16, 2016 |
| | Court of Appeals Case No. 45A04-1508-PL-1080 |
| v. | Appeal from the Lake Superior Court |
| | The Honorable John M. Sedia, Judge |
| Pinnacle Healthcare, LLC, *Appellee-Defendant* | Trial Court Cause No. 45D01-1310-PL-90 reassigned from Cause No. 45D01-1309-PL-96 |

**Baker, Judge.**

[1] Mirza Raheem appeals the trial court's order granting summary judgment in favor of Pinnacle Healthcare (Pinnacle) on Dr. Raheem's complaint for breach of contract against Pinnacle. Finding that Dr. Raheem has established as a matter of law that Pinnacle breached the contract and that there are genuine issues of material fact regarding Dr. Raheem's damages, we reverse and remand for trial regarding damages.

## Facts

[2] Dr. Raheem owned 100% of the shares of stock of Raheem Medical Clinic, P.C., which owned and operated a medical practice in Michigan City. The practice operated out of a facility owned by St. Francis Health Services and leased to Dr. Raheem individually.

[3] On March 8, 2012, Pinnacle and Dr. Raheem entered into a contract (the Contract), pursuant to which Pinnacle agreed to purchase all of the stock of the medical practice in exchange for $565,000. The Contract provided that if Dr. Raheem's current landlord did not agree to an assignment of his lease to Pinnacle, then Pinnacle would relocate Dr. Raheem and his practice to another location in Michigan City. The Contract specified that the closing date would be ninety days after March 8, 2012.

[4] Among other things, the Contract provided that Dr. Raheem was required to deliver a number of documents to Pinnacle at or before the closing. Appellant's App. p. 32-35. Among the required documents was an executed employment agreement, which provided that following closing, Dr. Raheem would work for

Pinnacle for five years but that he could terminate his employment after two years. The Contract also required that Pinnacle either procure an assignment of Dr. Raheem's lease or relocate his practice to another location in Michigan City by the date of closing. Finally, Pinnacle was required to deliver a portion of the $565,000, plus a promissory note for the remainder, to Dr. Raheem simultaneously with his delivery to Pinnacle of the required documents.

[5] Pinnacle was unable to procure an assignment of Dr. Raheem's lease and was also unable to secure a new location for the practice in Michigan City. Therefore, on June 4, 2012, the parties executed a written amendment to the Contract, which provided that the closing date was extended to 180 days after March 8, 2012. On September 4, 2012, the parties executed a second written amendment to the Contract, providing that the closing date was again extended to December 31, 2012.

[6] In mid-December 2012, Pinnacle's attorney informed Dr. Raheem that Pinnacle would not be ready to close by December 31, 2012. Specifically, Pinnacle was not ready to close because "I just don't think we had everything together" and because the new Michigan City space "wasn't even close to being ready." Appellant's App. p. 417-18. Pinnacle requested a third extension of the closing date. In exchange for a third extension, Dr. Raheem requested a modification of the Employment Agreement such that he could terminate his employment with Pinnacle after eighteen months rather than two years. Pinnacle refused that request, and no third extension was agreed upon. No closing occurred on December 31, 2012, though Dr. Raheem made "multiple

efforts" to track down Pinnacle employees on and before that date. *Id.* at 573-74. He sat in his office for four hours on December 31 trying to find a Pinnacle principal to "ask him why we are not closing." *Id.* at 574.

[7] On January 14, 2013, Pinnacle sent Dr. Raheem a letter indicating that because the closing date had passed and Dr. Raheem had never delivered his closing documents, it was not required to close on the Contract at all. After receiving that letter, Dr. Raheem entered into an agreement to sell the assets of his practice to Franciscan Physician Network for $108,000, and that transaction closed on March 31, 2014.

[8] On July 19, 2013, Dr. Raheem filed a complaint against Pinnacle alleging breach of contract and seeking specific performance[1] and/or damages for the breach. Pinnacle filed a motion for summary judgment and Dr. Raheem filed a cross-motion for partial summary judgment on the issue of breach. Following briefing and a hearing, on July 7, 2015, the trial court entered summary judgment in Pinnacle's favor. In relevant part, the trial court found as follows:

> Raheem was required to deliver all documents in connection with the Agreement, including the closing documents, and, pursuant to Section 7.7, was also required to execute and deliver the Employment Agreement. Although it is true that the Agreement did not provide that Pinnacle's requirement to purchase the stock was contingent upon the securing of a lease assignment, amendment or relocation, Pinnacle was not required

---

[1] After Dr. Raheem's agreement with Franciscan Physician Network closed in March 2014, he voluntarily waived his claim for specific performance. That claim is not at issue in this appeal.

to purchase the stock until Raheem delivered the required documents and executed and delivered the Employment Agreement. He did not do so. Raheem did not perform the conditions that had to be fulfilled before Pinnacle was obligated to purchase his stock.

*Id.* at 14. Dr. Raheem now appeals.

# Discussion and Decision

[9] Our standard of review on summary judgment is well established:

> We review summary judgment de novo, applying the same standard as the trial court: "Drawing all reasonable inferences in favor of . . . the non-moving parties, summary judgment is appropriate 'if the designated evidentiary matter shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Williams v. Tharp,* 914 N.E.2d 756, 761 (Ind. 2009) (quoting T.R. 56(C)). "A fact is 'material' if its resolution would affect the outcome of the case, and an issue is 'genuine' if a trier of fact is required to resolve the parties' differing accounts of the truth, or if the undisputed material facts support conflicting reasonable inferences." *Id.* (internal citations omitted).

*Hughley v. State*, 15 N.E.3d 1000, 1003 (Ind. 2014).

[10] With respect to whether there was a breach of the Contract, the essential facts are undisputed:

- The parties agreed upon two extensions of time for the closing date, leaving a final closing date of December 31, 2012.
- In mid-December, Pinnacle's attorney told Dr. Raheem that it would be unable to close on December 31. Part of the reason it would be unable to

close on that date was because it had not yet secured the agreed-upon new location in Michigan City for the medical practice.

- In exchange for a third extension of time, Dr. Raheem requested an amendment of the employment agreement. Specifically, he asked to have the right to terminate his employment with Pinnacle after eighteen months instead of two years.[2]
- Pinnacle refused his request to amend the employment agreement, and Dr. Raheem refused Pinnacle's request to a third extension of time.
- The closing date of December 31 came and went, but no closing occurred. Dr. Raheem attempted to reach Pinnacle in the days leading up to December 31, and for hours on December 31, to no avail.

The trial court found that Pinnacle was entitled to summary judgment because Dr. Raheem failed to comply with conditions precedent, including the delivery of documents and the execution of the employment agreement. We disagree.

[11] The Contract plainly states that, while Dr. Raheem was required to provide a number of documents to Pinnacle, he was not required to do so until closing. Appellant's App. p. 32-35. And the Contract also provides, sensibly, that Pinnacle was required to provide Dr. Raheem with the agreed-upon consideration at the same time he provided Pinnacle with, among other things, his shares of stock. *Id.* at 34-35.

---

[2] Pinnacle calls Dr. Raheem's request a "unilateral demand for a reduction in the term of the Employment Agreement," Appellee's Br. p. 16 n.3, but contract law does not accommodate "unilateral demands." Dr. Raheem asked, in exchange for an agreement to extend the closing date a third time, that the employment agreement also be amended. Pinnacle refused, as it was entitled to do. And Dr. Raheem refused to amend the closing date, as he was entitled to do. At the end of these negotiations, the contract remained as agreed upon, with a closing date of December 31, 2012, and an unchanged employment agreement. Had the closing occurred, and had Dr. Raheem refused to execute the unchanged employment agreement at that time, then Dr. Raheem would have been in breach. Instead, Pinnacle refused to participate in the closing at all; consequently, it was the breaching party.

The closing did not happen—because Pinnacle was not prepared to close. Among other things, Pinnacle had yet to secure a new location in Michigan City for the medical practice, which was an essential contractual obligation on Pinnacle's part. Pinnacle asked for a third extension of the closing date. Dr. Raheem did not agree to a third extension; therefore, the closing date of December 31, 2012, remained in place. Pinnacle did not make itself available to Dr. Raheem on or before December 31—indeed, it did not even return his phone calls. Under these circumstances, we cannot fault Dr. Raheem for his failure to provide documents to Pinnacle at a closing that simply did not occur.

We find as a matter of law that by failing to appear at the closing prepared to comply with the terms of the Contract, Pinnacle committed a breach of that Contract. It was erroneous to enter judgment in Pinnacle's favor on this issue. We reverse with directions to enter summary judgment in Dr. Raheem's favor on the issue of breach.

With respect to the issue of Dr. Raheem's damages, it is apparent that there are multiple issues of fact that require evaluation by a factfinder. Therefore, we remand for a trial on the issue of damages.

The judgment of the trial court is reversed and remanded with instructions to enter summary judgment in Dr. Raheem's favor on the issue of breach and to hold a trial on the issue of damages.

Bradford, J., and Pyle, J., concur.